```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT A. RUBINO,

                            Plaintiff,                              ORDER

            - against -
                                                                    CV 07-377 (LDW) (AKT)
AETNA LIFE INSURANCE COMPANY,

                            Defendant.
------------------------------------------------------------X
```

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.     PRELIMINARY STATEMENT**

Plaintiff Robert A. Rubino ("Plaintiff" or "Rubino") brings this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., against Defendant Aetna Life Insurance Company ("Defendant" or "Aetna") seeking: (i) a declaratory judgment that Aetna is prohibited from taking certain deductions from Rubino's monthly long-term disability ("LTD") benefits pursuant to a long-term group life and accident and health insurance policy (the "LTD Policy") issued to Rubino's former employer; (ii) damages in the amount of Aetna's allegedly impermissible deductions; and (iii) reasonable attorneys' fees and costs. In particular, Plaintiff objects to Aetna's decision to "reduce, decrease or offset" the amount of his monthly LTD benefits by the amount of Social Security Disability Income ("SSDI") benefits he receives. Am. Compl. ¶¶ 14, 17, 19; *see also* DE 27, Ex. A, D, E.

Plaintiff now moves to compel discovery beyond the administrative record. For the reasons set forth below, the motion is DENIED.

**II.     THE PARTIES' CONTENTIONS**

Currently before the Court is Plaintiff's motion [DE 27] to take limited discovery outside the administrative record in this ERISA case. Plaintiff seeks leave to depose the Aetna employee who was involved in Aetna's decision to "offset and reduc[e]" Plaintiff's monthly LTD benefits [DE 27]. Plaintiff asserts that he should be permitted to take this deposition so that he "can then apply to the Court for a determination as to whether the Court will expand the administrative record (which at this time has not been produced)[1] to include information that the discovery yielded, the nature of which is not yet known." *Id.* In addition, Plaintiff maintains that "Aetna is both claim insurer and claim administrator in the case at bar which creates a structural conflict of interest." *Id.*

Defendant Aetna opposes Plaintiff's motion on the grounds that discovery in this case should be limited to the administrative record [DE 28].[2] Specifically, Defendant makes the following points: (1) additional discovery is not needed to determine Aetna's interpretation of

---

[1]     At the time Plaintiff submitted his letter motion [DE 27], Defendant had not yet produced the administrative record. Thus, Plaintiff made his motion based upon the documents he had at the time, which he annexed to the motion as exhibits. These documents are three letters from Defendant to Plaintiff or his counsel regarding the amount of benefits to be paid (Exs. A, D, E); an excerpt from the LTD Policy (Ex. B); and a document reflecting the first payment of SSDI benefits to Plaintiff (Ex. C) -- all of which Plaintiff believed to be part of the administrative record. At some point in the one-month period between the date Plaintiff submitted his letter motion and the date Defendant submitted its letter opposition, Defendant apparently provided Plaintiff with the entire administrative record. *See* DE 28 at 5, n.5.

[2]     Following the Initial Conference, I issued an Order [DE 26] directing the parties to brief the issue of whether Plaintiff should be permitted to take discovery outside the administrative record. In that Order, I limited the parties' letter motion and opposition, respectively, to five pages each. Defendant was apparently unable to comply with this directive. Rather than requestd an authorization from the Court to exceed the page limit, Defendant instead reduced the font size and shrunk the page margins. Counsel is cautioned that proceeding in this manner going forward will result in rejection of such papers.

the Policy terms at issue because "Aetna has discretionary authority to construe any disputed or doubtful terms of the Policy;" (2) based upon Aetna's discretionary authority, the arbitrary and capricious standard of review applies and thus, the Court's review "is limited to the facts known to the administrator;" (3) Plaintiff has not alleged facts sufficient to show "good cause" to "support the admission of evidence concerning the claim or Aetna's handling of it;" and (4) Plaintiff's allegation regarding Aetna's "structural conflict of interest" is "insufficient to review evidence beyond the administrative record." *See* DE 28 (internal quotations and citations omitted).

The parties agree that the proper standard of review here is whether Aetna's decision to reduce Plaintiff's benefits was "arbitrary and capricious." *See* Am. Compl. ¶ 13; DE 26; DE 28; DE 29. The LTD Policy provides that Aetna

> has complete authority to review all denied claims for benefits under this policy. In exercising such fiduciary responsibility, Aetna shall have discretionary authority to: determine whether and to what extent employees and beneficiaries are entitled to benefits; and construe any disputed or doubtful terms of this policy.

DE 28, Ex. A at AETNA 00004. Because the LTD Policy provides Aetna with full discretionary authority to determine eligibility, the Court agrees that the appropriate standard of review is "arbitrary and capricious." *See Trussel v. Cigna Life Ins. Co. of New York*, 552 F. Supp. 2d 387, 390 (S.D.N.Y. 2008) ("Where the benefit plan grants the fiduciary discretionary authority, a district court 'must review deferentially a denial of benefits.'") (quoting *Miller v. United Welfare Fund*, 72 F.3d 1066, 1070 (2d Cir. 1995); *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989) ("a denial of benefits challenged under [ERISA] § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary

3

authority to determine eligibility for benefits or to construe the terms of the plan"); *see also Lee v. Aetna Life & Cas. Ins. Co.*, 05 Civ. 2960, 2006 WL 345854, at *2 (S.D.N.Y. Feb. 13, 2006) (noting that "a deferential review (*i.e.*, abuse of discretion) applies to ERISA claims determination cases where the administrator has discretion, even where a structural conflict of interest exists") (citations omitted).

### III. DISCUSSION

In an ERISA case, in general, under the arbitrary and capricious standard of review, a court's review of the determination of benefits under the applicable plan is limited to the evidence contained in the administrative record. *See Schalit v. Cigna Life Ins. Co. of New York*, 07 Civ. 0476, 2007 WL 2040587, at *2 (S.D.N.Y. Jul. 12, 2007); *Anderson v. Sotheby's Inc. Severance Plan*, 04 Civ. 8180, 2005 U.S. Dist. LEXIS 9033, at *9-*10 (S.D.N.Y. May 13, 2005) (quoting *Miller v. United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir 1995)). However, courts in the Second Circuit have found that where petitioner seeks to show a conflict of interest, additional discovery *may* be appropriate under certain circumstances -- namely, where "good cause" has been shown. *See Burgio v. Prudential Life Ins. Co. of America*, 253 F.R.D. 219, 229 (E.D.N.Y. 2008) (collecting cases); *see also Anderson*, 2005 U.S. Dist. LEXIS 9033, at *10 (citing *Wagner v. First Unum Life Ins. Co.*, 100 Fed. Appx. 862, 864 n.1 (2d Cir. 2004));

For example, in *Locher v. Unum Life Insurance Company of America*, 389 F.3d 288 (2d Cir. 2004), the Second Circuit noted that, in deciding to consider facts outside of the administrative record, the district court had taken into account factors *in addition to the structural conflict (i.e.*, the conflicted administrator)." *Locher*, 389 F.3d at 294-96 (discussed in *Lee v. Aetna Life & Cas. Ins. Co.*, 05 Civ. 2960, 2006 WL 345854, at *3 (S.D.N.Y. Feb. 13,

2006)). These factors included that the defendant "had no written procedures for claims review." The *Locher* Court concluded as follows:

> Where sufficient procedures for initial or appellate review of a claim are lacking, there exist greater opportunities for conflicts of interest to be exacerbated and, in such a case, the fairness of the ERISA appeals process cannot be established using only the record before the administrator. In such circumstances, . . . the district court may assume an active role in order to ensure a comprehensive and impartial review of the case. . . .

*Locher*, 389 F.3d at 296 (quoted in *Lee*, 2006 WL 345854, at *3). Moreover, in *DeFelice v. American International Life Assurance Co. of New York*, 112 F.3d 61 (2d Cir. 1997), the Second Circuit found that "'good cause' existed not merely because the claims reviewer and claims payor were the same entity, but also because the procedures employed in arriving at the claim determination were flawed." *Locher*, 389 F.3d at 295 (discussing *DeFelice*, 112 F.3d at 66). Likewise, "good cause" was found to exist where the insurer's claimed reason for denying a claim was not stated in its notices to the claimant. *See Juliano v. Health Maint. Org. of New Jersey, Inc.*, 221 F.3d 279, 289 (2d Cir. 2000). On the other hand, "good cause" for allowing evidence outside the administrative record did not exist where the insurer gave the claimant "ample time to submit additional materials" and had already discussed the claimant's case with the two treating physicians whose testimony was to be introduced. *See Muller v. First Unum Life Ins. Co.*, 341 F.3d 119, 125-26 (2d Cir. 2003).

Under the law applied in the Second Circuit, it is well-established that a conflict of interest does not *per se* constitute "good cause." *See Locher*, 389 F.3d at 294-96 (clarifying holding in *DeFelice*, 112 F.3d at 66) ("We hold that a conflicted administrator does not *per se* constitute good cause, and caution district courts that a finding of a conflicted administrator

5

alone should be translated *necessarily* into a finding of good cause.") (emphasis in original). The Second Circuit has stated that "a *per se* rule would effectively eliminate the 'good cause' requirement and the discretion afforded to district courts in deciding whether to admit additional evidence, because claims reviewers and payors are almost always either the same entity or financially connected in some other way." *Locher*, 389 F.3d at 295 (citations omitted).

This rule applies even where, as here, the plan administrator is vested with discretion. *See Lee*, 2006 WL 345854, at *3 (finding *Locher* "instructive on whether 'good cause' existed to consider evidence outside the administrative record" even though *Locher* involved *de novo* review of an administrator's denial of ERISA benefits, whereas *Lee* involved arbitrary and capricious review). Thus, a party seeking to conduct discovery outside the administrative record must allege more than a mere conflict of interest. Moreover, "the decision to consider information outside the administrative record is a discretionary one even where there is 'good cause.'" *Locher*, 389 F.3d at 295 (quoting *Critchlow v. First Unum Life Ins. Co. of America*, 340 F.3d 130, 133 n.2 (2d Cir. 2003) (withdrawn and vacated on reconsideration on other grounds, 378 F.3d 246 (2d Cir. 2004)).

Where, as here, evidence outside of the administrative record is sought at the discovery stage, the petitioner "need not make a full good cause showing, but must show a reasonable chance that the requested discovery will satisfy the good cause requirement." *Trussel v. Cigna Life Ins. Co. of New York*, 552 F. Supp. 2d 387, 390 (S.D.N.Y. 2008) (internal quotation marks and citations omitted); *Burgio v. Prudential Life Ins. Co. of America*, 253 F.R.D. 219, 230 (E.D.N.Y. 2008) (collecting cases). As noted in an earlier decision, "[i]f a plaintiff were forced to make a full good cause showing just to obtain discovery, then he would be faced with a

6

vicious circle: To obtain discovery, he would need to make a showing that, in many cases, could be satisfied only with the help of discovery." *Anderson*, 2005 U.S. Dist. LEXIS 9033, at *17 (finding plaintiff "must show a reasonable chance that the requested discovery will satisfy the good cause requirement" to be entitled to discovery outside the administrative record). "The good cause standard required to obtain evidence beyond the administrative record [through discovery] is therefore less stringent than when requesting that the court [] consider such evidence in its final determination." *Burgio*, 253 F.R.D. at 230 (quoting *Trussel*, 552 F. Supp. 2d at 390-91). For example, in *Burgio v. Prudential Life Insurance Company of America*, 253 F.R.D. 219 (E.D.N.Y. 2008), the Court found that there was "enough evidence raised by Plaintiff of a potential conflict of interest to warrant limited discovery outside the administrative record" where Plaintiff demonstrated that "Defendant may have operated under a conflict of interest in that [Plaintiff's] eligibility for LTD benefits was allegedly tied to his continued eligibility for other employee benefits such as life insurance." *Burgio*, 253 F.R.D. at 231. Similarly, in *Samedy v. First Unum Life Insurance Company of America*, No. 05-CV-1431, 2006 WL 624889 (E.D.N.Y. Mar. 10, 2006), the court granted limited discovery to assist in determining whether there was a conflict of interest because the defendant was both the insurer and the claim administrator and plaintiff had provided a declaration from a former employee who indicated that defendant placed pressure on its employees to deny claims. *Samedy*, 2006 WL 624889, at *2 (discussed in *Schalit*, 2007 WL 2040587, at *2).

In the instant case, in support of his motion to take discovery outside the administrative record, Plaintiff asserts that "Aetna is both claim insurer and claim administrator in the case at bar which creates a structural conflict of interest." *See* DE 27. In addition, Plaintiff refers to

7

Paragraph 13 of the Amended Complaint, which states that "Aetna's reduction, decrease or offset from plaintiff Rubino's monthly [LTD] benefit was . . . a breach and violation of its obligations to plaintiff Rubino under the LTD Plan by failing and refusing to administer the said LTD Plan in accordance with its obligations . . . ." Plaintiff asserts that this statement supports its allegation of a structural conflict of interest claim." *See id*. (quoting Am. Compl. ¶ 13).

Plaintiff's contention that there exists a "structural conflict of interest because Aetna is both the claim insurer and claim administrator" falls far short of satisfying the standard necessary for the court to order discovery outside the administrative record. *See Schalit*, 2007 WL 2040587, at *3 (denying motion for general discovery outside the administrative record where plaintiff had not provided any specific factual allegations, but permitted limited discovery, only with regard to whether the administrative record is complete, because the SPD had not been provided and was not included in the administrative record). In particular, Plaintiff's singular conclusory statement fails to demonstrate that there is a reasonable chance that the requested discovery -- the proposed deposition of the Aetna employee involved in Aetna's decision to reduce Plaintiff's monthly LTD benefits -- will satisfy the good cause requirement.

## IV. CONCLUSION

For all of the foregoing reasons, Plaintiff's motion for permission to take discovery outside of the administrative record is hereby DENIED.

As noted above, the Court recognizes that Plaintiff submitted his motion before he had received the entire administrative record. In light of this fact, if, after reviewing the entire administrative record, Plaintiff believes that he can, in good faith, meet the requisite test for discovery beyond the administrative record, then Plaintiff may renew his motion. At this

juncture, however, the Court notes that, based upon the arguments and information presented by both parties, Plaintiff has failed to demonstrate that there is a reasonable chance that the requested discovery -- deposing the Aetna employee involved here in Aetna's decision to "offset and reduc[e]" Plaintiff's monthly LTD benefits -- will satisfy the good cause requirement as set forth in *Trussle* and its progeny. Accordingly, at this time, the parties are restricted to the administrative record for purposes of discovery in this action.

In light of the foregoing, this case shall proceed forthwith. Accordingly, the stay of discovery is hereby lifted and a Case Management and Scheduling Order, which will govern the pretrial phase of this case, will be entered separately.

**SO ORDERED.**

Dated: Central Islip, New York
      March 31, 2009

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge